**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Levine and Lisa Levine, | No. CV-09-1656-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Downey Savings and Loan F.A. and/or U.S. Bank N.A., DSL Service Company and Tiffany & Bosco as Successor Trustee including Michael A. Bosco Jr., Attorney at Law, National City Bank, MERS, DOES 1-250, et al., | |
| Defendants. | |

Pending before the Court are numerous motions to dismiss including: Defendants U.S. Bank National Association ("U.S. Bank") and DSL Service Company's ("DSL Service") Motion to Dismiss (Doc. #11); Defendants Tiffany & Bosco, P.A. and Michael A. Bosco, Jr.'s (collectively, "Tiffany & Bosco") Motion to Dismiss (Doc. #26); and Defendant National City Bank's ("National City") Motion to Dismiss (Doc. #27).[1] For the reasons that follow, the Court grants Defendants' motions to dismiss.

---

[1] Plaintiffs never filed a response to either Tiffany & Bosco's Motion or National City's Motion.

# I. BACKGROUND

Plaintiffs purchased the subject property (the "Property") in 2001. (Doc. #1-1 at 12.) In June, 2005, Plaintiffs refinanced the Property by executing a promissory note (the "Note") and deed of trust (the "Deed of Trust") in favor of Defendant Downey Savings and Loan Association, F.A. ("Downey Savings"). (*Id.*) The Deed of Trust names DSL Service Company ("DSL Service") as the successor trustee ("Trustee"). (Doc. #11 at 3.) Plaintiffs obtained one loan through Defendant Downey Savings, and a second loan through Defendant National City. (Doc. #1-1 at 12.) Thus, in this action, Defendants Downey Savings and National City are the beneficiaries to the Deed of Trust, DSL Service is the Trustee, U.S. Bank is the predecessor in interest to Downey Savings, and Tiffany & Bosco is the Substitute Trustee. (Doc. #11 at 1.)

In May, 2009, DSL Service served Plaintiffs with a Notice of Default and Election to Sell Under Deed of Trust (Doc. #11, Ex. B) due to Plaintiffs' failure to pay the monthly mortgage payments. (*Id.*)[2] The foreclosure sale was initially set for August 14, 2009. (*Id.*) In August, 2009, Plaintiffs filed suit in this Court seeking declaratory relief, injunctive relief, and to recover damages for Defendants' alleged violations of the Uniform Commercial Code ("UCC"), Truth in Lending Act ("TILA"), Federal Fair Debt Collections Practices Act ("FDCPA"), Real Estate Settlement Procedures Act ("RESPA"), Home Ownership and Equity Protection Act ("HOEPA"), and the Arizona Consumer Fraud Act ("ACFA"). (*Id.*) Defendants U.S. Bank and DSL Service timely removed Plaintiffs' complaint to federal court pursuant to 28 U.S.C. § 1441.

---

[2] The Defendants point out, and the Court acknowledges, that although Plaintiffs allege "they did pay the outstanding Loan amount due" in their Response (Doc. #15 at 9), this is inconsistent with their Complaint, where Plaintiffs admitted that they "have defaulted on the loans" and failed to dispute their "inability to pay the monthly mortgage payments." (Doc. #1-1 at 12, 20.)

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE §1202, at 94-95(3d ed. 2004)).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Dismissal is appropriate where the complaint lacks either a cognizable legal theory or facts sufficient to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.,* 119 F.3d 778, 783 n.1 (9th Cir. 1997).

But Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course[] before being served with a responsive pleading[.]" FED R. CIV. P. 15(a)(1)(A). "A motion to dismiss is not a 'responsive pleading' within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that state is

improper . . . ." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)(quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)). If a court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib.*, 806 F.2d at 1401 (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

**III.     DISCUSSION**

Plaintiffs argue that Defendants do not possess the right to initiate foreclosure.[3] In response, Defendants argue that Plaintiffs' allegations contained in their complaint are merely generalized allegations containing labels and conclusions and, as such, fail to state a claim upon which relief may be granted. (Doc. #11 at 2.) In addition, Defendants argue that the majority of claims are time-barred or the statutes cited by Plaintiffs do not apply to the loan at issue.[4] (*Id.*) Because Plaintiffs' allegations consist of nothing more than blanket assertions and conclusions, and Plaintiffs' Response appears to contain multiple arguments that either fail to cure the original deficiencies, are alleged for the first time, or are not relevant to the present circumstances,[5] the Court finds that the complaint fails to state a claim upon which relief may be granted. In addition, the complaint contains multiple arguments that fail to state a cognizable legal theory even if all of the allegations are true.

---

[3] In their Response, Plaintiffs state "the primary issue that guides the other issues is the Original Note and who has possession of said Note."

[4] Because the Court dismisses Plaintiffs' Complaint for failure to state a claim upon which relief may be granted, the Court declines to address these arguments.

[5] *See, e.g.*, (Doc. #14 at 16) (alleging that the "Haber Certification" constitutes hearsay and, alternatively, it would support "entry of summary judgment in favor of the Defendants."). *Cf.* (*Id.* at 13) ("Parties do not have a debtor-creditor relationship"); *with* (*Id.* at 12) ("[t]he FDCPA applies only to 'debt collectors,' which Defendants can only be").

### A. Count One

In Count One, Plaintiffs challenge Defendants' right to initiate foreclosure. (*Id.*) Specifically, Plaintiffs allege that Defendants do not possess the Original Note securing the mortgage. (Doc. #1-1 at 13-14.) Plaintiffs seek a judicial declaration that Defendants have no right, title, interest, or estate in the Property. (*Id.*) To support their claim, Plaintiffs argue that the Court would be in conflict with hundreds of recent District Court decisions requiring the bank and/or lenders to show the court the Original Note. (Doc. #14 at 3.) Although some of these decisions may have addressed the "Original Note" argument in a different context, Plaintiffs misconstrue the law regarding the Uniform Commercial Code ("UCC") as applied to Arizona's non-judicial foreclosure statute. *See* ARIZ. REV. STAT. ANN. § 47-3301 (2006).

The District Court of Arizona has repeatedly rejected the "show me the note" argument for non-judicial foreclosure proceedings. *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (reasoning that the UCC statute pertaining to negotiable instruments provides that "persons entitled to enforce an instrument [include] . . . a person not in possession of the instrument who is entitled to enforce the instrument pursuant to A.R.S. § 47-3301") (quotations omitted); *Diessner v. Mortgage Election Reg. Syst.*, 618 F. Supp. 2d 1184 (D. Ariz. 2009) (dismissing claim because "action involve[d] the non-judicial foreclosure of a real estate mortgage under an Arizona statute which does not require presentation of the original note before commencing foreclosure proceedings") (referencing ARIZ. REV. STAT. ANN. § 33-807). Plaintiffs fail to cite, nor is the Court aware of, any controlling authority supporting their "show me the note" theory. Furthermore, *Mansour* and *Diessner* make it clear that Arizona law regarding the UCC and negotiable instruments allows enforcement by "a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [A.R.S.] § 47-3309." 618 F.Supp.2d at 1181. Therefore, using the reasoning set forth in *Diessner* and *Mansour*, the Court concludes that Count One fails to state a claim upon which relief may be granted and must be dismissed. Furthermore, this claim is dismissed without leave to amend because Defendants' alleged

acts cannot form the basis for relief and an amendment would not cure this deficiency. *See Diessner*, 618 F. Supp. 2d at 1187-88 (no basis for relief because non-judicial foreclosure does not require original note) (footnotes omitted); *see Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (Denying leave to amend is appropriate when the court determines that the deficiency of claim cannot be cured by an amended complaint or by any other means).

### B. Counts Two and Three

In Count Two, Plaintiffs argue that Defendants' alleged "fraudulent conduct" constitutes a violation of the Arizona Consumer Fraud Act ("ACFA"), A.R.S. § 44-1521, *et seq*. (Doc. #1-1 at 14.) In Count Three, Plaintiffs argue that Defendants do not possess the right "to initiate foreclosure under the security instrument identified in the Notice of Trustee's Sale" or to direct DSL Service to foreclose and sell the Property and seek that the Deeds of Trust and both loan agreements be rescinded. (*Id.* at 15). Defendants argue that Plaintiffs have failed to satisfy the pleading standard. (Doc. #15 at 4-5.) Here, the Court finds that both Counts contain generic blanket assertions that are insufficient to survive a motion to dismiss. *Bell Atlantic,* 550 U.S. at 556 n.3. First, Plaintiffs' Complaint and Response both fail to allege any facts that identify what conduct by any Defendant violates the ACFA. Second, the only conduct Plaintiffs describe in their claim for common law fraud is that Defendants "intentionally failed to disclose the foregoing facts as of June 29th, 2005, and thereafter, continued to keep this material information from Plaintiffs." (*Id.*) But the Complaint does not identify what "material information" related to the origination of the loan agreement the Defendants were required to disclose. Therefore, Counts Two and Three fail to state a claim upon which relief may be granted and must be dismissed.

### C. Count Four

In Count Four, Plaintiffs allege "on information and belief" that Defendants violated provisions of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2607, and the Arizona

1 Consumer Fraud Act ("ACFA"), A.R.S. § 44-1521, *et seq.*, based on Defendants' attempt to
2 fraudulently foreclose on a property that Defendants have no right to foreclose on.[6] (Doc.
3 #1-1 at 16-17.) As a result, Plaintiffs seek that Defendants be enjoined from proceeding with
4 the foreclosure. (*Id.*) For each claim, Defendants argue that dismissal is appropriate because
5 the Complaint fails to allege any facts demonstrating a violation. (Doc. #11 at 7.) The Court
6 agrees with Defendants.

7 The Complaint fails to identify what provisions Defendants allegedly violated or what
8 conduct by any Defendant violates the FDCPA, RESPA, or ACFA. This is insufficient to
9 survive a motion to dismiss. A "belief" that Defendants may have engaged in unspecified
10 actions that may have violated unidentified provisions of one of the relevant statutes does not
11 "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Because this
12 blanket assertion is insufficient to provide Defendants with fair notice of Plaintiffs' claim,
13 *Twombly*, 550 U.S. at 556 (quoting *Conley*, 355 U.S. at 47), Count Four fails to state a claim
14 upon which relief may be granted. Accordingly, these claims must be dismissed.

### D. Counts Five and Six

16 In Counts Five and Six, Plaintiffs' claims are based on Defendants' failure to satisfy
17 disclosure requirements. (Doc. #1-1 at 17-18.) In Count Five, Plaintiffs allege vague
18 "statutory violations and unlawful practices and acts of defendants" that constitute unlawful
19 business acts and/or practices. (*Id.* at 17.) In Count Six, Plaintiffs allege that Defendants
20 breached their fiduciary duty by not "advis[ing] them and plac[ing] them on notice of all
21 disclosures required by law." (*Id.* at 18.) Defendants argue that Plaintiffs' claim is merely
22 a blanket assertion, which fails to satisfy their obligation under Rule 8(a)(2). *Twombly*, 550
23 U.S. at 555 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of
24 entitlement to relief."). The Court agrees with Defendants. In both Count Five and Count

---

[6] The Court points out that this argument has previously been addressed, resulting in the denial of Plaintiffs' Temporary Restraining Order. (Doc. #23.)

Six, although Plaintiffs identify general conduct–Defendants' failure to comply with disclosure requirements–Plaintiffs fail to allege any facts that demonstrate such an allegation or identify what information the Defendants were required to disclose. In addition, the complaint fails to allege any facts that identify what provisions Defendants allegedly violated. Therefore, the Court finds that Plaintiffs have failed to state a claim upon which relief may be granted and dismisses Plaintiffs' claims under Counts Five and Six.

### E. Counts Seven and Eight

In Count Seven, Plaintiffs allege that Defendants' actions constitute a breach of written contract. (Doc. #1-1 at 19.) In Count Eight, Plaintiffs allege that Defendants' actions constitute a breach of the implied covenant of good faith and fair dealing. (*Id.* at 19-20.) In response, Defendants argue that Plaintiffs have failed, in both their complaint and their response, to allege any facts demonstrating a breach of any alleged contract or implied covenant of good faith and fair dealing. (Doc. #15 at 7-8.) The Court agrees with Defendants.

In Count Seven, the only allegation that Plaintiffs make is that they were harmed "as a consequence of the breach of the Contract" by Defendants. (Doc. #1-1 at 19.) Plaintiffs do not identify which contract was breached, which provision was breached in a contract, or the conduct by Defendants that breached the contract.[7] In Count Eight, Plaintiffs argue that Defendants originated the loans in complete disregard of their duty under 15 U.S.C. § 1639(h). (*Id.* at 20.) Plaintiffs' claims are blanket conclusions that lack any supporting facts identifying conduct where Defendants intentionally hid or concealed information. As such, Plaintiffs have failed to satisfy the pleading requirement under Rule 8. *Iqbal*, 129 S. Ct. at 1949-50 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion

---

[7] In their Response, Plaintiffs merely restate that they have identified these allegations but do not reference the facts supporting this in their Complaint or provide any reference at all. (Doc. #14 at 14.)

- 8 -

couched as a factual allegation" (internal quotation marks omitted)). Accordingly, both claims must be dismissed.

### F. Count Nine

In Count Nine, Plaintiffs allege Defendants violated 15 U.S.C. § 1639(h) by "lowering their own underwriting standards." (Doc. #1-1 at 20.) In response, Defendants argue that Plaintiffs' claim must be dismissed because Plaintiffs do not allege any facts to support their argument. Again, the Court agrees with Defendants. Plaintiffs fail to allege any facts demonstrating how the Defendants lowered their underwriting standards. Without facts or law to support this allegation, this conclusory statement is insufficient under *Twombly*. 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations omitted). Accordingly, the Court dismisses Plaintiffs' HOEPA claim.

### G. Count Ten

In Count Ten, Plaintiffs allege that Defendants U.S. Bank and/or Downey Savings violated 18 U.S.C. §§ 513-514. (Doc. #1-1 at 21.) Specifically, Plaintiffs allege that on or after June 29, 2005, Defendants electronically copied and then destroyed the Original Note so that they could unlawfully transfer the note at a reduced cost. (*Id.*) In response, Defendants argue that, even assuming this allegation was true, Plaintiffs' claim fails because they do not have a private right of action to sue under these criminal statutes. (Doc. #11 at 11.) Therefore, the claim should be dismissed due to lack of subject matter jurisdiction. (*Id.* at 12) (referencing *Freeman v. UMB Bank*, No. 04-4145-SAC, 2005 WL 272978, at * 2 (D. Kan. Jan. 13, 2005) ("When a plaintiff attempts to bring suit under a federal criminal statute, but fails to establish that a private cause of action exists under that statute, dismissal for lack of subject matter jurisdiction is appropriate."); *see also Keyter v. McCain*, No. 06-15253, 2006 WL 3326932, at *1 (9th Cir. Nov. 6, 2006) (affirming dismissal of civil action brought

under federal criminal statute).

The Court agrees with Defendants. In their motion and response, Plaintiffs fail to cite any law to support their entitlement to relief under 18 U.S.C. §§ 513-514. Consequently, dismissal is appropriate because Plaintiffs have failed to state a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988) (Dismissal is appropriate where the complaint lacks either a cognizable legal theory or facts sufficient to support a cognizable legal theory). Accordingly, the Court dismisses Plaintiffs' claim under Count Ten.

### H. Count Eleven

In Count Eleven, Plaintiffs allege vague references to "illegal loan practices." (Doc. #1-1 at 21.) This includes the conclusory statement that "[b]anks can not lend credit" and "defendant may have committed the following acts . . . ." (*Id.*) Plaintiffs fail to provide factual allegations supporting their claim that a common law cause of action exists for "illegal loan practices." Therefore, this blanket assertion fails to give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 556 n.3. Accordingly, the Court dismisses for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs' complaint fails to state a claim upon which relief may be granted.[8]

Accordingly,

**IT IS ORDERED** that Defendants U.S. Bank and DSL Service's Motion to Dismiss Plaintiffs' Complaint (Doc. #11) is **granted**.

---

[8] In Count Twelve, Plaintiffs request that the Court grant a Temporary Restraining Order and Injunctive Relief. (Doc. #1-1 at 25.) Because the Court has previously denied this request (Doc. #23), in addition to the reasons discussed above, the Court dismisses Count Twelve.

- 10 -

**IT IS FURTHER ORDERED** that Defendant Tiffany & Bosco, P.A.'s Motion to Dismiss (Doc. #26) is **granted**, but the request for attorneys' fees is denied without prejudice. Tiffany & Bosco may file a motion for attorneys' fees and costs in accordance with L.R. CIV. P. 54.2.

**IT IS FURTHER ORDERED** that Defendant National City Bank's ("National City") Motion to Dismiss (Doc. #27) is **granted**.

**IT IS FURTHER ORDERED** that, because the Court granted the motion to dismiss (Doc. #27), the Court denies Defendant National City's Motion for Summary Dismissal (Doc. #30) as **moot**.

**IT IS FURTHER ORDERED** that this Order moots any other pending requests or motions.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until 30 days from the date of this Order to file an Amended Complaint. Because an amended complaint would not cure the deficiencies in Count One and Count Ten, the Court dismisses both without leave to amend. The Clerk of the Court is directed to enter a judgment of dismissal without further notice to Plaintiffs if Plaintiffs fail to file an Amended Complaint **within 30 days**.

**IT IS FURTHER ORDERED** that Plaintiffs shall effect service of the Amended Complaint and Summons upon all Defendants **no later than 30 days** after the filing of the Amended Complaint. This shall serve as notice to Plaintiffs under Rule 4(m) of the Federal Rules of Civil Procedure that the Court shall dismiss this action without further notice to Plaintiffs with respect to any Defendant named in the Complaint that is not served in accordance with Rule 4 of the Federal Rules of Civil Procedure within that 120-day period.

DATED this 24th day of November, 2009.

_____
James A. Teilborg
United States District Judge