**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Levine and Lisa Levine, ) | No. CV-09-1656-PHX-JAT |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Downey Savings and Loan F.A. and/or ) U.S. Bank N.A., DSL Service Company ) and Tiffany & Bosco as Successor Trustee ) including Michael A. Bosco Jr., Attorney ) at Law, National City Bank, MERS, ) DOES 1-250, et al., ) | |
| Defendants. ) | |

In an Order docketed on November 25, 2009 (Doc. #38), the Court granted Defendants' Motions to Dismiss this case. The Court dismissed certain Counts without leave to amend, but gave Plaintiffs leave to restate other Counts in an amended complaint. The Court gave Plaintiffs thirty days from the date of the Order to file an amended complaint. (Doc. #38, p.11.) The Court instructed the Clerk to enter a judgment of dismissal without further notice to Plaintiffs if Plaintiffs failed to file an amended complaint within thirty days. (Id.) Plaintiffs have never filed an amended complaint.

Plaintiffs did file a Motion to Vacate (Doc. #42) the November 24, 2009[1] Order granting the Motions to Dismiss. The Court will construe the Plaintiffs' Motion to Vacate as a motion for reconsideration. Generally, motions for reconsideration are appropriate only if: 1) the movant presents newly discovered evidence; 2) the Court committed clear error or the initial decision was manifestly unjust; or 3) an intervening change in controlling law has occurred. *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The Court ordinarily will deny "a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." Local Rule of Civil Procedure 7.2(g)(1).

The Court finds no grounds for reconsidering its earlier Order. Plaintiffs' Motion to Vacate is based on their mistaken belief that an attorney must file a separate document titled "Notice of Appearance" in order to file anything or appear before the undersigned. Plaintiff first cites to an Arizona Rule of Court for the Notice of Appearance requirement. But, as Defendants U.S. Bank and DSL Service Company point out, under the *Erie* doctrine, a federal court applies federal procedural law when sitting in diversity. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003). The Arizona Rule cited by Plaintiffs is a procedural rule, not substantive law.

Further, the Local Rule of Civil Procedure cited by Plaintiffs in their Reply, Rule 83.5, has nothing to do with attorney appearances. Perhaps Plaintiffs meant to cite Local Rule 83.3, which provides that "Except as provided below, no attorney shall appear in any action or file anything in any action without first appearing as counsel of record." But even this Rule does not require an attorney to file a separate Notice of Appearance. Defense attorneys have properly "appeared" in this case through their filings.

---

[1] Although the Order was signed on November 24, 2009, the Clerk's office did not docket the Order until November 25, 2009.

The Court therefore will deny the Motion to Vacate. The Court also will not enter a default judgment against Defendants because they have properly appeared. Nor will the Court impose sanctions on defense counsel.

The Court instructed Plaintiffs to file an amended complaint within 30 days of the November 25, 2009 Order. The Court warned Plaintiffs that if they did not file the amended complaint, the Clerk would dismiss this case without further notice. Plaintiffs ignored that warning and chose not to file an amended complaint.[2] Because Plaintiffs failed to file an amended complaint within the required time, the Court will dismiss this case for failure to comply with a Court Order.

IT IS ORDER DENYING Plaintiffs' Motion to Vacate (Doc. #42).

IT IS FURTHER ORDERED DENYING Plaintiffs' Motion for Default Judgment and for Sanctions (Doc. #50).

IT IS FURTHER ORDERED dismissing this case in its entirety and denying any pending motions as moot.

DATED this 2nd day of April, 2010.

James A. Teilborg
United States District Judge

---

[2] Plaintiffs could have complied with the Court's Order to file an amended complaint and still filed a motion for reconsideration.